**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SYNOPSYS, INC.,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **A-25-CV-441-DAE** |
| | § | |
| **REAL INTENT, INC.,** | § | |
| **Defendant.** | § | |

**ORDER**

Plaintiff's Opposed Motion for Leave to Conduct Expedited Venue Discovery (Dkt. 18) and all related briefing is before the court. Dkts. 20, 21, 24.[1]

## I. BACKGROUND

Synopsys, Inc. filed this patent suit against its competitor in the Western District, Austin Division, claiming that venue is proper here because Real Intent, Inc. has committed acts of patent infringement in the District and maintains a regular and established place of business in the Austin, Texas area. Dkt. 1 (Compl.) ¶ 12. Specifically, Synopsys alleges Real Intent maintains a regular and established place of business here because it solicited and hired at least two employees and required them to live and work in the Austin, Texas area in order to sell to and service Real Intent's customers located within this District. *Id*. ¶¶ 12-18. Synopsys further asserts that Real Intent requires a regular and established place of business here and markets itself to customers as having a presence here. *Id*. ¶¶ 20-21.

Real Intent has moved to dismiss the case for improper venue. Dkt. 14. It argues both parties are headquartered in Northern California and have been engaged in litigation there for

[1] The motion was referred by United States Senior District Judge David Ezra to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order Dated April 23, 2025.

years. *Id*. Relevant to venue, it argues it does not reside in the Western District and does not have a regular and established place of business in the Western District. *Id*.

Synopsys moves for expedited discovery before responding to Real Intent's motion to dismiss. Dkt. 18. Real Intent opposes the motion for discovery.

## II. APPLICABLE LAW

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Section 1400(b) requires (1) a "a physical place in the district"; (2) that is "a regular and established place of business"; and (3) "it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

A "place" merely needs to be a "physical, geographical location in the district from which the business of the defendant is carried out." *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (quoting Cary, 871 F.3d at 1362). A "place of business" is not restricted to real property that the defendant must "own[ ] or lease," but could be satisfied by any physical place that the defendant could "possess[ ] or control." *Id*. (citing *Cary*, 871 F.3d at 1363). A "place of business" generally requires an employee or agent of the defendant to be conducting business at that place. *Id*. at 1344.

As to the third requirement—that the place is the defendant's—non-exhaustive relevant factors include:

> (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place"; (2) "whether the defendant conditioned employment on" "an employee's continued residence in the district" or "the storing of materials at a place in the district so that they can be distributed or sold from that place"; (3) "a defendant's representations" about that place, including advertisements; and (4) "the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant in other venues."

*Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1122 (Fed. Cir. 2021) (quoting *Cray,* 871 F.3rd at 1363-64.

## III. ANALYSIS

In support of its motion to dismiss, Real Intent offers the declaration of Rajiv Kumar, a Real Intent co-founder. Dkt. 14-1 (Kumar Decl.). Generally, Kumar's declaration attempts to refute any factual basis for venue. Synopsys does not challenge the veracity of Kumar's declaration. The issue presented in the motion for discovery is whether any discovery could further reveal facts related to venue.

Kumar states that Real Intent has never maintained a place of business in Texas, never identified Texas a place it wishes to have an office, nor controlled or operated any real property in Texas. Kumar Decl. ¶ 4. Real Intent has never identified, represented, or advertised that it has a place of business in Texas. *Id.* ¶ 5. Real Intent has two employees that work remotely and live in Texas, but location plays no role in any remote employee's hiring or job duties. *Id.* ¶¶ 6-7. The two Texas employees have not been provided with any Real Intent owned equipment or hardware beyond company-issued laptop computers, which all employees receive. *Id.* ¶ 9.

Real Intent does not own, operate, or control any portions of any real property owned by the Texas employees. *Id.* ¶ 10. It does not reimburse them for any portion of their rent, mortgage, utilities, internet, telephone, or other household expenses. *Id*. Real Intent does not list their home addresses on its website, marketing materials, or official documents as Real Intent locations. *Id.* ¶ 11. Neither Texas employee receives customers or prospective customers at their homes. *Id*. Real Intent has not provided them any signage to display at their homes. *Id*.

Real Intent has never shipped to them any physical equipment, products, software, literature, inventory, or other physical materials intended for testing, distribution, or sale to

customers in the Austin area. *Id*. ¶ 12. Real Intent's software products are stored electronically in, and delivered electronically from its California servers. *Id*.

One Texas employee does not regularly interact with customers. *Id*. ¶ 13. The other employee's job responsibilities include providing occasional in-person support to Real Intent customers nationwide, including in British Columbia (Canada), California, Colorado, and Florida. *Id*. Neither employee's employment has ever been conditioned on their presence or residence in Austin. *Id*. ¶ 14. They reside in Austin solely by their choice, can relocate without Real Intent's prior approval, and their employment status and responsibilities would not change based on such relocation. *Id*. If either employee were to leave their employment with Real Intent, Real Intent would not seek or require their replacement to reside in Austin, or any other specific location in Texas. *Id*. ¶ 15.

Synopsis argues the Kumar Declaration is silent as to Real Intent's operations within the District, including its local employees' in-person support and sales to Austin customers, and even when the declaration purports to address an issue it offers conclusory assertions without supporting facts. Specifically, Synopsis argues the Kumar Declaration is careful not to say anything as to the frequency and extent to which local employees support local customers. Further, Synopsis argues, the Kumar Declaration does not address where local employees meet with local customers. Moreover, the Kumar Declaration says nothing as to what Real Intent tells its customers about its presence in the District and the in-person services furnished by its local employees. Finally, Synopsis argues that in other respects, the Kumar Declaration is entirely conclusory and cannot be relied upon.

The court disagrees with some of Synopsis's characterizations of the Kumar Declaration. For instance, Synopsis asserts that the Kumar Declaration does not describe what Real Intent tells its customers about it presence in the District, but the Declaration states "Real Intent has never

identified, represented, or advertised that it has any office, branch, or place of business in Texas." Kumar Decl. ¶ 5.

Nonetheless, the court does agree with Synopsis that it should have an opportunity to test the assertions made in the Declaration. However, the court finds Synopsis's proposed discovery—7 interrogatories, 10 requests for production, 7 hours of 30(b)(6) deposition, and 10 hours of a 30(b)(1) deposition—is too broad.[2] Specifically, the Requests for Production are too broad and burdensome for this stage of the litigation. The court will allow five proposed interrogatories and 10 hours total of depositions (30(b)(1) and/or 30(b)(6)). Synopsis shall serve its interrogatories and any 30(b)(6) topics within 24 hours of this Order; Real Intent shall respond to the written discovery within 14 days; and Synopsis shall serve any 30(b)(1) notices within 7 days of receiving Real Intent's responses. All depositions shall be completed within the subsequent 14 days. Synopsis's response to the motion to dismiss shall be due 14 days after the close of venue discovery; and Real Intent's reply brief shall be due 7 days later.

## IV. CONCLUSION

Accordingly, the court **GRANTS in part and DENIES in part** Plaintiff's Opposed Motion for Leave to Conduct Expedited Venue Discovery (Dkt. 18). The motion is granted to the extent described above.

SIGNED May 14, 2025.

MARK LANE
UNITED STATES MAGISTRATE JUDGE

[2] Synopsis cites to Judge Albright's standing order allowing venue and jurisdictional discovery, but he only allows 5 interrogatories, 10 requests for production, and 10 hours of deposition testimony—significantly less than what Synopsis proposes here.