# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>REAL INTENT, INC.,<br><br>                Defendant. | Case No. 1:25-cv-00441<br><br>JURY TRIAL DEMANDED |

**DEFENDANT REAL INTENT, INC.'S NOTICE REGARDING MOTION FOR EXPEDITED RESOLUTION OF DISCOVERY DISPUTE OR, IN THE ALTERNATIVE, TO PERMIT A DEPOSITION OUTSIDE THE COURT-ORDERED DISCOVERY PERIOD; AND DEFENDANT REAL INTENT, INC.'S MOTION FOR A PROTECTIVE ORDER**

Defendant Real Intent, Inc. respectfully submits this Notice to apprise the Court of the Rule 30(b)(6) deposition taken by Plaintiff Synopsys, Inc. of Mr. Rajiv Kumar, Real Intent's VP of Engineering, on June 18, 2025 at Plaintiff's counsel's offices San Francisco, California. The information below is relevant to Plaintiff Synopsys, Inc.'s Motion for Expedited Resolution of Discovery Dispute or, in the Alternative, to Permit a Deposition Outside the Court-Ordered Discovery Period (ECF 35) and Real Intent's Motion for a Protective Order (ECF 36).

### A. Offices in the District (Rule 30(b)(6) Topic 12) and Time Period Objections

At Mr. Kumar's Rule 30(b)(6) deposition, Synopsys's attorney asked, and Mr. Kumar answered, multiple questions regarding "any offices that Real Intent has maintained, or has advertised as being, within this District." ECF 35 at 2. Synopsys's questions to Mr. Kumar covered the documents identified in Synopsys's Motion, including the 2013 Press Release and the 2013 Newsletter, as well as printouts from the Internet Archive of older versions of Real Intent's website from 2002, 2004, and 2014, all of which were marked as deposition exhibits. Mr. Kumar answered all of Synopsys's "office"-related questions going back to 2002, and did not impose a time-period limitation on his answers.

### B. Real Intent's Austin "Office" Discussed in a Press Release (Topic 13)

Mr. Kumar's testimony regarding the "Austin, Texas office discussed in the press release in ECF No. 25-1" was not limited to the "information contained in the press release itself." ECF 35 at 3. Mr. Kumar answered all of the "office"-related questions, as well as all other questions, that Synopsys's attorney asked regarding the 2013 Press Release, which was marked as a deposition exhibit, and did not limit his answers to the content of the press release.

### C. Communications with Customers (Topics 12, 13, and 15)

Mr. Kumar answered multiple questions from Synopsys's attorney regarding

1

communications sent to customers and prospective customers, including questions about Real Intent press releases and newsletters, questions about how customer distribution lists are created, and questions about interactions with customers at trade shows, including the dates upon which Real Intent attended trade shows in Austin more than a decade ago. Mr. Kumar also answered questions about specific individuals involved in sales and technical support, including questions about such individuals going back to 2002, and their interactions with customers and prospective customers both within and outside the District.

   D. **Prospective and Past Customers (Topics 4, 7, 8)**

Synopsys's attorney used Real Intent's verified interrogatory responses, which identifies and discusses past customers and prospective customers who had received evaluation licenses over the past six years, as a deposition exhibit, and asked Mr. Kumar multiple questions about those past customers and prospective customers. Mr. Kumar answered those questions about prior and prospective customers, and did not limit his responses to only current customers of Real Intent. *See* ECF 40 at 4 (asking the Court to compel Real Intent to answer questions about prior and prospective customers, in addition to current customers).

   E. **Employment Agreements (Topic 10)**

Synopsys's attorney asked, and Mr. Kumar answered, multiple questions regarding the employment and/or consulting agreements for multiple individuals who reside (or previously resided) in Texas, as well as questions directed to their offer letters (where applicable). Mr. Kumar confirmed that he had reviewed the employment and consulting agreements for those individuals and answered multiple questions about whether location (residing in this District) was a condition of their employment or engagement, or whether the terms differed for remote versus non-remote employees.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: June 19, 2025  By:  */s/ Shaun W. Hassett for Robert A. Van Nest with permission*
ROBERT A. VAN NEST (pro hac vice)
RYAN K. WONG (pro hac vice)
KRISTIN HUCEK (pro hac vice)
THERESA M. DAWSON (SBN 24065128)
RYLEE KERCHER OLM (pro hac vice)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188

POTTER MINTON
Michael E. Jones (SBN 10929400)
mikejones@potterminton.com
Shaun W. Hassett (SBN 24074372)
shaunhassett@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Attorneys for Defendant
REAL INTENT, INC.

2991438