IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYNOPSYS, INC., | § | |
|     Plaintiff, | § | |
| V. | § | A-25-CV-441-DAE |
| | § | |
| REAL INTENT, INC., | § | |
|     Defendant. | § | |

**ORDER**

Plaintiff's Motion for Expedited Resolution of Discovery Dispute or, in the Alternative, to Permit a Deposition Outside the Court-Ordered Discovery Period (Dkt. 35); Defendant Real Intent, Inc.'s Opposition and Motion for a Protective Order (Dkt. 36); Plaintiff's Motion to Strike the Notice Filed by Real Intent and Response to Notice Filed by Real Intent (Dkt. 42); and all related briefing are before the court. Dkts. 35, 36, 40, 41, 42.[1]

**I.  BACKGROUND**

Synopsys, Inc. filed this patent suit against its competitor in the Western District, Austin Division, claiming that venue is proper here because Real Intent, Inc. has committed acts of infringement in the District and maintains a regular and established place of business in the Austin, Texas area. Dkt. 1 (Compl.) ¶ 12. Real Intent has moved to dismiss the case for improper venue. Dkt. 14. In support of its motion to dismiss, Real Intent offers the declaration of Rajiv Kumar, a Real Intent co-founder. Dkt. 14-1 (Kumar Decl.). Generally, Kumar's declaration attempts to refute any factual basis for venue.

The court previously allowed Synopsys limited discovery to test the assertions made in the Kumar Declaration. Dkt. 28. The court allowed five proposed interrogatories and 10 hours total of

---

[1] The motions were referred by United States Senior District Judge David Ezra to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders Dated June 10 and 24, 2025.

depositions (30(b)(1) and/or 30(b)(6)). Venue discovery was to close on June 18, 2025. The court ordered that Synopsys's response to the motion to dismiss shall be due 14 days after the close of venue discovery; and Real Intent's reply brief shall be due 7 days later.

Now before the court are the parties' disputes with regard to the scope of the Rule 30(b)(6) topics. Synopsys filed its motion before the deposition was scheduled to take place, but other pressing matters before the court prevented the court from reaching the motion before the 30(b)(6) deposition. Synopsys deposed Kumar, Real Intent's VP of Engineering, on June 18, 2025. Nonetheless, the parties' disputes remain. Dkt. 42.

## II. ANALYSIS

The court will discuss the disputed topics as grouped by Real Intent.

### A. Time Period Objections (Topics 11, 12, 15)

**DEPOSITION TOPIC NO. 11:** Any Offices (including home offices), locations, facilities, warehouses, servers, or other real or personal property owned, leased, rented, reimbursed, subsidized or used by You within WDTX, and the business purpose of such presence, particularly as it relates to Your Software or products.

**DEPOSITION TOPIC NO. 12:** All Offices You had within, or advertised as being within, WDTX, including the Customers serviced from or by each such Office, the dates each such office was advertised, opened and closed, the Employees associated with each such Office, and the substance of all Communications with Customers about each such Office.

**DEPOSITION TOPIC NO. 15:** Communications with Customers, including representations, assurances, Customer feedback, Customer requirements, Customer complaints and responses to Customers, regarding support of Customers in WDTX, including Real Intent's strategies for support of Customers in WDTX, presence or availability of Real Intent Employees in WDTX, technical support or product-related services in WDTX, Real Intent's opening of an office in WDTX, Real Intent's closing of its office in WDTX, and Real Intent's in-person support of Customers in WDTX.

Real Intent argues Synopsys's questions should only be allowed to go back to 2019. Real Intent asserts it is unreasonable to prepare a 30(b)(6) witness to testify on such an open time frame.

Synopsys argues it must show Real Intent's "continuous" presence in the District and points to a 2013 press release from Real Intent announcing a "sales and support office in Austin, Texas."

The court orders that Real Intent's 30(b)(6) witness does not have to answer questions that pre-date March 2019. However, the witness does have to answer all questions regarding any Austin office that opened in or around 2013. The court further orders that Real Intent is precluded from arguing in the underlying venue motion briefing that Synopsys has failed to show a "continuous" presence in the District based on any time period before March 2019.

### B. The Austin Office (Topic 13)

**DEPOSITION TOPIC NO. 13:** The Austin, Texas office discussed in the press release in ECF No. 25-1 (Exhibit M to Synopsys' motion to compel venue discovery), and all other Communications with Customers about that office.

The parties dispute whether this topic should be limited to the 2013 press release or should include any information about the office at issue. For instance, Synopsys uses the example of communications Real Intent may have made to its Austin-area customers to advise them of the opening of the Austin office.

The court agrees with Synopsys. Real Intent's objections are overruled.

### C. Communications with Customers (Topics 12, 13, and 15)

These topics were previously listed above. Real Intent argues it should not have to prepare a witness to testify about *all* communications with customers about any Austin office (Topics 12 and 13) or about all communications regarding support of customers in District (Topic 15) from Real Intent's founding to the present. Real Intent offered to prepare a witness to testify concerning formal communications to customers and the public (*e.g.*, press releases, email blasts, and newsletters) about any Austin office or presence in Austin. Real Intent argues these topics are an end-run around the court's previous determination that Synopsys's proposed requests for production were too broad and burdensome.

The court's previous statement that Synopsys's proposed requests for production were too broad and burdensome at this stage of the litigation was not based on the topics they covered, but the volume of documents they would have required Real Intent to produce in such a short time frame. The court believed that interrogatories and depositions would be a quicker and more cost-effective means to get Synopsys the information it needs to test the Kumar Declaration.

The court overrules Real Intent's objections. As Synopsys acknowledges, it is asking Real Intent's witness to testify to communications to Austin-based customers "to the extent those communications are 'reasonably available' to Real Intent. *See* Fed. R. Civ. P. 30(b)(6)." Dkt. 40 at 3. The court recognizes that some communications dating back to 2013 may not still exist. Real Intent is not obligated to testify as to any information it no longer knows.

### D. Prospective and Past Customers (Topics 4, 7, 8)

**DEPOSITION TOPIC NO. 4:** The nature, frequency, and purpose of interactions between Your Employees and Customers located within WDTX, including provision of or assistance with installation, demonstrations, evaluation, assessment, use, technical support, troubleshooting, maintenance, training, benchmarking, trials, or other services regarding Real Intent Software or products between March 2019 to the present.

**DEPOSITION TOPIC NO. 7:** The nature, frequency, location, duration and purpose of Your Customer visits, technical support, maintenance, repair, benchmarking, installation, training, or other services regarding Your Software or products provided to Customers located in WDTX from March 2019 to the present.

**DEPOSITION TOPIC NO. 8:** Dates, duration and details of Your Employees' visits to, and work performed at or for, Customers with at least one location in WDTX to perform demonstrations, assist Customer use, provide technical support, maintenance, repair, benchmarking, product trials, troubleshooting, installation, training, or other services regarding the Accused Products from March 2019 to the present, including, but not limited to, engineering support (e.g., support provided by Real Intent application engineers (AEs) and field application engineers (FAEs)).

Real Intent argues it does not track the requested information for prospective customers who do not take an evaluation license. Synopsys points out that Real Intent has proposed a change to these topics that excludes past customers.

The court overrules Real Intent's objections. To the extent Real Intent does not track the requested information, then it does not have knowledge responsive to the topic.

### E. Employment Agreements (Topic 10)

**DEPOSITION TOPIC NO. 10:** Your Employment agreements, terms, conditions and requirements of Employment, job responsibilities, descriptions or summaries, offer letters, and any amendments thereto, for all individuals currently or formerly Employed by Real Intent who performed work or was located within WDTX, including Employee names, job titles and responsibilities, start dates, all terms, conditions or requirements of Employment, and specific work locations (e.g., city and state).

Real Intent asserts the parties' disagreements on this topic have been resolved. Synopsys disagrees. Synopsys argues Real Intent only has five employees responsive to this topic and it would not be burdensome to prepare for the full scope of this topic.

The court agrees. Real Intent's objections are overruled.

### F. June 18, 2025 Deposition

Real Intent argues Kumar was deposed as a 30(b)(6) witness on June 18, 2025, and he did not limit his answers as Real Intent proposed he would in its briefing. Synopsys argues Kumar answered as best he could as a 30(b)(1) witness but was not prepared to answer the full scope of its questions as a 30(b)(6) witness. For instance, he did not search for materials about Real Intent's "Austin office" that dated back prior to March 2019. Synopsys asserts that because Kumar was not prepared to answer some of its questions, it did not ask all the questions on which it seeks 30(b)(6) testimony.

Accordingly, the court will allow Synopsys an additional 3 hours of deposition testimony, in addition to any time that was previously unused. The court further extends the venue discovery deadline to July 18, 2025. Synopsys's response to the motion to dismiss shall be due 14 days after the close of venue discovery; and Real Intent's reply brief shall be due 7 days later.

### III.  CONCLUSION

As stated above, the court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Expedited Resolution of Discovery Dispute or, in the Alternative, to Permit a Deposition Outside the Court-Ordered Discovery Period (Dkt. 35) and Defendant Real Intent, Inc.'s Opposition and Motion for a Protective Order (Dkt. 36).

The court **DENIES** Plaintiff's Motion to Strike the Notice Filed by Real Intent and Response to Notice Filed by Real Intent (Dkt. 42).

SIGNED June 26, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE